UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER C. TAYLOR,

      Plaintiff,                      Civil Action No. 5:18-CV-10609

v.                                      HONORABLE JOHN CORBETT O'MEARA
                                          UNITED STATES DISTRICT COURT

WAYNE COUNTY MEDICAL
EXAMINER, ET. AL.,

      Defendants,
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

The Court has before it Plaintiff Peter C. Taylor's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. For the reasons stated below, the Court will deny plaintiff's civil rights complaint, because it fails to state a claim upon which relief can be granted. This Court further construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## II. Standard of Review

The plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, the complaint should be held to a "less stringent standard" than one

drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints nevertheless must plead facts sufficient to show that a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff was convicted in the Wayne County Circuit Court of second-degree murder, two counts of felonious assault, and possession of a firearm during the commission of a felony.

After exhausting his state court remedies, plaintiff filed a petition for writ of habeas corpus, which was denied on the merits. *Taylor v. McKee*, No. 06-CV-10175, 2007 WL 4171260 (E.D. Mich. Nov. 20, 2007); *appeal dism.* No. 08-1022 (6th Cir. July 10, 2008). Plaintiff has since been denied permission by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *See In Re Taylor,* No. 17-1213 (6th Cir. July 3, 2017).

In his current civil rights complaint, plaintiff alleges that the defendants withheld

exculpatory evidence that established that he shot the victim in self-defense. Plaintiff further alleges that the defendants falsified evidence, and/or committed perjury concerning the ballistics of the bullets used and the medical records concerning the absence of close range firing and the nature of the victim's wounds in order to disprove plaintiff's self-defense claim.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

To the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiff's claim that the defendants withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) calls into question the validity of his conviction and thus is barred by *Heck* in the absence of any showing that the conviction has been reversed or set aside. *Id.* at 490; *See also Ruiz v. Hofbauer*, 325 F. App'x. 427, 431 (6th Cir. 2009). Plaintiff's claim that the defendants falsified evidence to obtain a conviction is also barred by *Heck. See Scheib v. Grand Rapids Sheriff's Dept.,* 25 F. App'x. 276, 277 (6th Cir. 2001)(state inmate's § 1983 claim that fabricated police records influenced charges

4

brought against him would affect validity of his still-standing conviction, and thus were barred by *Heck* rule). Plaintiff's perjury claim is barred by *Heck* because it too calls into question the validity of his conviction. *See e.g. Madkins v. City of Memphis*, 20 F. App'x. 335, 337 (6th Cir. 2001). Plaintiff does not allege that any convictions have been overturned, expunged, or called into question by a writ of habeas corpus, thus, his allegations relating to any criminal prosecution, conviction, and incarceration against the defendants would fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his or her claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Because the Court is dismissing the plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

To the extent that plaintiff is seeking to have his criminal conviction vacated or set aside, his appropriate federal remedy would be to file a petition for writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is

5

entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner previously filed a habeas petition with the federal courts, which was denied on the merits. Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 735-36; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re*

6

*Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004)(citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). Where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 F. App'x. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002)(same). To the extent that plaintiff's civil rights complaint is the equivalent of a second or successive habeas petition, it must be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A).

## V.  ORDER

**IT IS HEREBY ORDERED** that plaintiff's civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) for a determination of whether plaintiff should be permitted to file a subsequent habeas petition.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date:  February 28, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 28, 2018, using the ECF system and/or ordinary mail.

                                     s/William Barkholz
                                     Case Manager